# Attachment B

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JULIE KNOX and HARVEY KNOX, her husband, | **CIVIL ACTION - MEDICAL PROFESSIONAL LIABILITY ACTION** |
| Plaintiffs, | |
| vs. | G. D. 14- |
| FARSHID BOZORGI, M.D. and FOUNDATION RADIOLOGY GROUP, P.C., t/d/b/a FOUNDATION RADIOLOGY GROUP and FOUNDATION RADIOLOGY, INC., t/d/b/a FOUNDATION RADIOLOGY GROUP, | **COMPLAINT IN CIVIL ACTION** |
| Defendants. | |

Filed on Behalf of Plaintiffs
Julie Knox and Harvey Knox, her husband

Counsel of Record for This Party:

THOMAS E. CRENNEY, Esquire
Pa. I.D. No. 40986

JAMES T. TALLMAN, Esquire
Pa. I.D. No. 79257

ALICIA R. NOCERA, Esquire
Pa. I.D. No. 306371

Thomas E. Crenney & Associates, LLC
2605 Nicholson Road
Building 2, Suite 203
Sewickley, PA 15143

Telephone   (412) 644-5545
Facsimile    (412) 644-5581

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JULIE KNOX and HARVEY KNOX, her husband, | CIVIL ACTION - |
| Plaintiffs, | MEDICAL PROFESSIONAL LIABILITY ACTION |
| v. | |
| FARSHID BOZORGI, M.D. and FOUNDATION RADIOLOGY GROUP, P.C., t/d/b/a FOUNDATION RADIOLOGY GROUP and FOUNDATION RADIOLOGY, INC. t/d/b/a FOUNDATION RADIOLOGY GROUP, | G.D. 14- |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
400 Koppers Building
436 7th Avenue, 11th Floor
Pittsburgh, PA 15219
Telephone: (412) 261-5555

THOMAS E. CRENNEY & ASSOCIATES, LLC

By_____
Thomas E. Crenney, Esquire
James T. Tallman, Esquire
Alicia R. Nocera, Esquire
Attorneys for Plaintiffs
2605 Nicholson Road, Building 2, Suite 203
Sewickley, PA 15143
Phone: 412-644-5545

DATE: 6/9/14

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JULIE KNOX and HARVEY KNOX, her husband, | CIVIL ACTION - |
| Plaintiffs, | MEDICAL PROFESSIONAL LIABILITY ACTION |
| v. | |
| FARSHID BOZORGI, M.D. and FOUNDATION RADIOLOGY GROUP, P.C., t/d/b/a FOUNDATION RADIOLOGY GROUP and FOUNDATION RADIOLOGY, INC. t/d/b/a FOUNDATION RADIOLOGY GROUP, | G.D. 14- |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

### COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, Julie Knox and Harvey Knox, her husband, by and through their attorneys, Thomas E. Crenney, Esquire, and Thomas E. Crenney & Associates, LLC, and file the within Complaint In Civil Action:

1. Plaintiffs Julie Knox and Harvey Knox, her husband, are adult individuals who reside at 791 Arensburg Rd. Ext., East Millsboro, PA 15433.

2. Defendant Farshid Bozorgi, M.D., (hereinafter referred to as "Dr. Bozorgi"), is an adult individual who, based upon information and belief, in 2011 and at all times material hereto was a licensed physician in the State of California. Dr. Bozorgi has an address at 10647 Wilkins Ave., Apt. 307, Los Angeles CA 90024. Plaintiffs are asserting a professional liability claim against this Defendant.

3. Defendant Foundation Radiology Group, P.C., t/d/b/a Foundation Radiology Group, is a Pennsylvania corporation with a principal business address of Three Gateway Center, 401 Liberty Ave., Suite 2000, Pittsburgh, PA 15222. Plaintiffs are asserting a professional liability claim against this Defendant.

4. Defendant Foundation Radiology, Inc., t/d/b/a Foundation Radiology Group, is a Delaware corporation with a principal business address of Three Gateway Center, 401 Liberty Ave., Suite 2000, Pittsburgh, PA 15222. Plaintiffs are asserting a professional liability claim against this Defendant.

5. At all times material hereto, Defendant Dr. Bozorgi was the agent, servant, employee, and/or ostensible agent of Defendant Foundation Radiology Group, P.C., and acted on behalf of Foundation Radiology Group, P.C., within the scope of his employment and/or agency with Foundation Radiology Group, P.C.

6. At all times material hereto, Defendant Dr. Bozorgi was the agent, servant, employee, and/or ostensible agent of Defendant Foundation Radiology, Inc., and acted on behalf of Foundation Radiology, Inc., within the scope of his employment and/or agency with Foundation Radiology, Inc.

7. Defendants Foundation Radiology Group, P.C., and Foundation Radiology, Inc., are vicariously liable for the negligence of its agents, servants, employees and/or ostensible agents, which include Defendant Dr. Bozorgi.

8. Based upon information and belief, Foundation Radiology Group, P.C., and Foundation Radiology, Inc., provide teleradiology services to Uniontown Hospital.

9. Based upon information and belief, Dr. Bozorgi practices teleradiology in California. Based upon information and belief, Dr. Bozorgi receives scans electronically from various hospitals, including Uniontown Hospital and/or Foundation Radiology Group, P.C. and/or Foundation Radiology, Inc., in California where he reads the scans and prepares written reports of his interpretation of the scans.

10. On June 2, 2011, Mrs. Knox presented to Uniontown Hospital ER with chest pains. Subsequently, she was diagnosed as having suffered a Non-ST-elevation myocardial infarction and was admitted to Uniontown Hospital.

11. As part of the work-up for her symptoms, while still in the ER on June 2, 2011, Uniontown Hospital personnel performed a CTA scan of Mrs. Knox's chest.

12. Dr. Bozorgi read the CTA scan in California and issued his report of the scan from California. The negligence of Dr. Bozorgi, as alleged herein, took place outside of the Commonwealth of Pennsylvania and occurred in the State of California.

13. Dr. Bozorgi stated in his findings: "There are enlarged mediastinal nodes, largest about 4.5 x 2.5 cm in the subcarinal area. Enlarged bilateral hilar nodes, right more than left." In the "Impression", Dr. Bozorgi wrote: "No central pulmonary emboli. Mediastinal and bilateral hilar adenopathy."

14. Dr. Bozorgi did not communicate these findings or take steps to ensure that these findings were communicated to the ER or attending physicians in a manner consistent with the standard of care. Dr. Bozorgi did not communicate these findings to Mrs. Knox.

15. Dr. Bozorgi did not recommend follow-up for the findings. He did not recommend a biopsy be performed.

16. Mrs. Knox was not informed of the findings on the June 2, 2011 pulmonary CTA scan. Upon discharge, Mrs. Knox was not advised to follow-up with any other physician, except her PCP and a cardiologist for her cardiac problems.

17. On August 19, 2013, Mrs. Knox returned to the Uniontown Hospital ER with chest pain, a persistent cough and difficulty breathing.

18. During the admission at Uniontown Hospital, Mrs. Knox underwent a CT scan of her chest on August 22, 2013. The scan revealed a "Large necrotic mass in the right hilar region measuring 4.3 cm X 3.8 cm increased in size compared to prior exam where it measured 3 cm x 2.8 cm. Enlarged subcarinal lymph nodes measuring up to 3 cm previously measuring 2.5 cm."

19. In the "Impression" section of the August 22, 2013 CT scan, in part, it is stated: "Extensive mediastinal and right hilar adenopathy compatible with metastatic disease progressive compared to prior exam from 2011."

20. A biopsy confirmed that Mrs. Knox had lung cancer. During that hospitalization, a pulmonologist asked Mrs. Knox why she never followed-up on the previous CT scan findings. Mrs. Knox advised that she was never told about the findings of the June 2, 2011 CTA scan.

21. At this time, Mrs. Knox was finally diagnosed with lung adenocarcinoma.

22. As set forth herein, Defendants' negligence caused a substantial delay in diagnosing Mrs. Knox's lung cancer.

23. As a direct and proximate result of Defendants' negligence, Mrs. Knox has been denied a chance for a complete cure.

24. As a direct and proximate result of Defendants' negligence, Mrs. Knox has been denied a chance for a normal life span.

25. As a direct and proximate result of Defendants' negligence, Mrs. Knox has been denied the opportunity to receive appropriate and timely treatment of her lung cancer.

26. As a direct and proximate result of Defendants' negligence, Mrs. Knox's life span has been substantially shortened.

27. As a direct and proximate result of Defendants' negligence, Mrs. Knox's quality of life has been substantially diminished.

28. As a direct and proximate result of Defendants' negligence, Mrs. Knox has experienced and will continue to experience tremendous pain, suffering, emotional anguish, shock and distress.

29. As a direct and proximate result of Defendants' negligence, Mrs. Knox has suffered and will continue to suffer embarrassment and humiliation, and was deprived of the ordinary pleasures of life.

30. As a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer economic loss.

31. All of Plaintiffs' injuries and damages described herein were directly and proximately caused by the negligent conduct of Defendants.

## COUNT I

### NEGLIGENCE
(Julie Knox and Harvey Knox, her husband, v. Farshid Bozorgi, M.D.)

32. The averments contained in paragraphs 1 through 31 of this Complaint are incorporated here by reference as though fully set forth at length herein.

33. Pursuant to his undertaking to provide services to Julie Knox, Defendant Farshid Bozorgi, M.D., had a duty to act with reasonable and ordinary care to Mrs. Knox.

34. Defendant Dr. Bozorgi breached his duty to Mrs. Knox by deviating from the standard of care in regard to the medical care provided to Mrs. Knox in general and in the following particulars:

    a. In failing to communicate in person or by phone or otherwise to ensure that the appropriate physicians were informed of the significant and unexpected findings on June 2, 2011 CTA scan; and/or

    b. In failing to include a differential diagnosis for the mediastinal and bilateral hilar adenopathy and possible malignancy; and/or

    c. In failing to recommend follow-up for the significant and unexpected findings of mediastinal and bilateral hilar adenopathy; and/or

    d. In failing to recommend a biopsy of the mediastinal and bilateral hilar adenopathy; and/or

    e. In failing to refer Mrs. Knox to an appropriate physician(s) and/or specialist(s) for follow up.

35. As a direct and proximate result of the negligent conduct of Dr. Bozorgi, Mrs. Knox was denied the opportunity to receive appropriate and timely treatment of her lung cancer and be cured.

36. All of Plaintiffs' injuries and damages described herein and, in particular Paragraphs 22 through 31 above, were directly and proximately caused by the negligent conduct of Defendant Farshid Bozorgi, M.D.

WHEREFORE, Plaintiffs Julie Knox and Harvey Knox, her husband, demand judgment in their favor and against the Defendants in an amount in excess of THIRTY-FIVE THOUSAND ($35,000.00) DOLLARS plus costs and damages for delay.

### COUNT II

### VICARIOUS LIABILITY
(Julie Knox and Harvey Knox, her husband, v. Foundation Radiology Group, P.C., and Foundation Radiology, Inc.)

37. The averments contained in paragraphs 1 through 36 of this Complaint are incorporated here by reference as though fully set forth at length herein.

38. At all times material hereto, Defendant Dr. Bozorgi was the agent, servant, employee, and/or ostensible agent of Defendant Foundation Radiology Group, P.C., and Foundation Radiology, Inc., and acted on behalf of Foundation Radiology Group, P.C., and Foundation Radiology, Inc., within the scope of his employment and/or agency with Foundation Radiology Group, P.C., and Foundation Radiology, Inc.

39. At all times material hereto, Dr. Bozorgi acted on behalf of Foundation Radiology Group, P.C., and Foundation Radiology, Inc., and acted within the scope of his employment and/or agency with Foundation Radiology Group, P.C., and Foundation Radiology, Inc.

40. Defendants Foundation Radiology Group, P.C., and Foundation Radiology, Inc., are vicariously liable for the negligence of its agents, servants, employees and/or ostensible agents, which include Defendant Dr. Bozorgi.

41. Defendants Foundation Radiology Group, P.C., and Foundation Radiology, Inc., are vicariously liable for the negligence of Defendant Dr. Bozorgi as alleged herein and in particular in Count I of this Complaint.

42. As a direct and proximate result of the negligent conduct of Foundation Radiology Group P.C.'s, and Foundation Radiology, Inc.'s, agent, servant, employee and/or ostensible agent, Dr. Bozorgi, Mrs. Knox was denied the opportunity to receive appropriate and timely treatment of her lung cancer.

43. All of Plaintiffs' injuries and damages described herein and, in particular Paragraphs 22 through 31 above, were directly and proximately caused by the negligent conduct of Defendant Farshid Bozorgi, M.D, as alleged herein, for which Foundation Radiology Group, P.C., and Foundation Radiology, Inc., are vicariously liable.

WHEREFORE, Plaintiffs Julie Knox and Harvey Knox, her husband, demand judgment in their favor and against the Defendants in an amount in excess of THIRTY-FIVE THOUSAND ($35,000.00) DOLLARS plus costs and damages for delay.

### COUNT III

### NEGLIGENCE – LOSS OF CONSORTIUM
(Harvey Knox v. Defendants)

44. The averments contained in paragraphs 1 through 43 of this Complaint are incorporated by reference as though fully set forth at length herein.

45. As the direct and proximate result of the injuries sustained by his wife caused by the negligence of Defendants, plaintiff-husband has suffered and/or suffers and/or may continue to suffer a loss of consortium with his wife.

46. As the direct and proximate result of the injuries sustained by his wife caused by the negligence of Defendants, plaintiff-husband has suffered and/or suffers and/or may continue to suffer the loss of his wife's services, including daily chores and assistance and her companionship, nurture, comfort, society and marital relations.

47. As the direct and proximate result of the injuries sustained by his wife caused by the negligence of Defendants, plaintiff-husband has been and/or is and/or may continue to be compelled to expend various sums of money for medical services.

WHEREFORE, Plaintiffs Julie Knox and Harvey Knox, her husband, demand judgment in their favor and against the Defendants in an amount in excess of THIRTY-FIVE THOUSAND ($35,000.00) DOLLARS plus costs and damages for delay.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

THOMAS E. CRENNEY & ASSOCIATES, LLC

By _____
Thomas E. Crenney, Esquire
James T. Tallman, Esquire
Alicia R. Nocera, Esquire
Attorneys for Plaintiffs

2605 Nicholson Road
Building 2, Suite 203
Sewickley, PA 15143
(412) 644-5545

DATE: 6/9/14

## UNSWORN VERIFICATION

The undersigned, JULIE KNOX and HARVEY KNOX, hereby verify that the facts contained within the foregoing **COMPLAINT IN CIVIL ACTION** are true and correct to the best of their information, knowledge and belief. This verification is made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____ X
JULIE KNOX

_____ X
HARVEY KNOX