IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY T. KNOX, Individually and as Executor of the Estate of Julie Knox | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-70 |
| | : | |
| FASHID BOZORGI, M.D., FOUNDATION RADIOLOGY GROUP, P.C. t/d/b/a FOUNDATION RADIOLOGY GROUP, FOUNDATION RADIOLOGY GROUP, INC. t/d/b/a FOUNDATION RADIOLOGY GROUP, NANNETTE L. MCCULLOUGH, M.D., UPMC EMERGENCY MEDICINE, INC. t/d/b/a EMERGENCY RESOURCE MANAGEMENT, INC., PHYSICIANS' TELERADIOLOGY, S.C., and UNITED STATES OF AMERICA | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 16th day of December 2016, upon consideration of Defendants Nannette McCullough, M.D., and UPMC Emergency Medicine, Inc.'s Motion to limit the testimony of Mark Colella, M.D. and Carl Fuhrman, M.D. (ECF Doc. No. 163), and Plaintiff's response (ECF Doc. No. 187), it is **ORDERED** Defendants' Motion (ECF Doc. No. 163) is **GRANTED** in part and **DENIED** in part as Drs. Colella and Fuhrman's opinions are limited to the standard of care for a radiology physician, and no party shall present cumulative evidence.

*Analysis*

**A. Drs. Colella and Fuhrman may opine as to a radiologist standard of care.**

Under the Medical Care Availability and Reduction of Error ("MCARE") Act, 40 P.S. §§ 1303.101 *et seq.*, an individual is not competent to offer an expert medical opinion on the standard of care in a medical professional liability action against a physician unless the

individual: (1) is substantially familiar with the standard of care; (2) practices in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care; and, (3) is certified by the same or similar board.[1] We may waive the same specialty and board requirements if we find "the expert possesses 'sufficient training, experience and knowledge' to testify as to standard of care 'as a result of active involvement in . . . medicine in the applicable subspecialty or a related field of medicine.'"[2] Co-Defendant's expert Carl R. Fuhrman, M.D. and Plaintiff's expert Mark S. Colella, M.D. are board certified in radiology and neither party attempts to demonstrate its expert has sufficient training, experience, and knowledge to testify as to the standard of care of internal or emergency physicians as a result of active involvement in the applicable subspecialty or a related field of medicine. We limit the testimony of Dr. Fuhrman and Dr. Colella to the standard of care of radiology and limit it against defendant radiologists.

**B.    We will not allow cumulative evidence.**

No party shall present cumulative evidence. To the extent Defendants seek to preclude cumulative evidence, we will not permit the same expert opinion as to the radiology standard of care to be presented twice, albeit proffered by different parties.

**C.    Dr. Fuhrman can opine as to Dr. McCullough's standard of care on radiology.**

Defendants also argue, "Dr. Fuhrman should be precluded from offering testimony regarding whether Dr. McCullough met the standard of care for the additional reason that

---

[1] *Vicari v. Spiegel*, 989 A.2d 1277, 1281 (Pa. 2010) (citing 40 P.S. § 1303.512).

[2] *Vicari*, 989 A.2d at 1283 (quoting 40 P.S. § 1303.512(e)).

2

co-defendants have not asserted a cross-claim against Dr. McCullough.³ We deny this request. *Rettger* is not dispositive. The Federal Rules of Evidence apply. In *Rettger*, the Pennsylvania Superior Court explained a party cannot invoke the opposing party statement exception to Pennsylvania's evidence rule prohibiting hearsay against a co-defendant whom a counterclaim has not been filed. Co-defendant's expert testimony by Dr. Fuhrman is not in the form of an opposing party statement seeking exception to the rule against hearsay.

### D. Dr. Cooperstein's earlier opinion does not prejudice Dr. Colella's testimony.

Defendants also request us to bar the testimony of Ms. Knox's expert Dr. Colella because his expert report reaches a different opinion than Ms. Knox's first radiology expert, Lawrence Cooperstein, M.D. Dr. Cooperstein's report was not critical of Dr. McCullough and did not address the standard of care for an emergency medicine physician. Dr. Cooperstein later accepted employment with one of the co-defendants, Foundational Radiology Group, and could no longer serve as Ms. Knox's expert. We deny Defendants' request because they do not allege nor establish they are prejudiced by Dr. Colella's testimony regarding Dr. McCullough outside the scope of Dr. Cooperstein's testimony.⁴

KEARNEY, J.

---

3 *See Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010) (precluding a defendant from introducing evidence critical of a co-defendant without first asserting a cross-claim against the defendant)."

⁴ *See* Fed. R. Evid. 702; *Bryson v. Diocese of Camden, N.J.*, 2013 WL 3956360, at *1 (D.N.J. July 26, 2013) (finding a party was prejudiced by an untimely submission of a second expert report outside the scope of the first expert report and taking steps to cure the prejudice rather than bar the second expert report).

3